UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-4735-DMG (MARx)<br>**CV 24-4733-DMG (MARx)** | Date | November 4, 2024 |
|---|---|---|---|
| Title | ***Craig M Garriott v. The Boeing Company, et al.***<br>***Kathy Moonitz v. The Boeing Company, et al.*** | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO REMAND [11]**

On April 10, 2024, Plaintiff Craig Garriott filed a Complaint against Defendants Boeing Company ("Boeing"), Millenium Space Systems, Inc. ("MSS"), Jennifer Berina-Buelna, and Nina Mattera. *See* Ntc. of Removal ¶ 1 [Doc. # 1]. Garriott's operative First Amended Complaint ("FAC") alleges the following causes of action: (1) battery; (2) negligence; (3) negligent retention; (4) whistleblower retaliation in violation of Labor Code section 6310; (5) whistleblower retaliation in violation of Labor Code section 1102.5(b); (6) injunctive/declaratory relief; (7) defamation *per se*; and (8) intentional infliction of emotional distress ("IIED"). *Id.*

On June 5, 2024, Defendants timely removed the action to this Court on the basis of federal preemption by Section 301 of the Labor-Management Relations Act ("LMRA"), 28 U.S.C. section 185 *et seq.* *See* Ntc. of Removal ¶¶ 4–5, 7. On July 5, 2024, Plaintiffs filed a Motion to Remand. [Doc. # 11 ("MTR").] The MTR is fully briefed. [Doc. ## 14 ("Opp."), 15 ("Reply").] Garriott's wife, Kathy Moonitz, filed her own Complaint alleging similar claims against the same Defendants, which they also removed to this Court on identical grounds. *See Moonitz v. The Boeing Co., et al.*, No. CV 24-4733-DMG (MARx) (C.D. Cal.). The MTR is briefed on behalf of both Plaintiffs, and this ruling applies to both cases. *See* MTR at 11 n.2; Opp. at 5 n.1.[1]

Having duly considered the parties' written submissions, the Court **GRANTS** Plaintiffs' MTR.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Garriott has worked for Defendants (and a company eventually acquired by Boeing, Hughes Space and Communications Company) since 1997, mostly in various technician roles. *See* FAC ¶¶ 3, 15

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|
| Title | **Craig M Garriott v. The Boeing Company, et al.**<br>**Kathy Moonitz v. The Boeing Company, et al.** | Page | 2 of 7 |

[Doc. # 1-1]. He became a shop steward of the United Brotherhood of Carpenters and Joiners of America (the "Union") in 2007 and became a senior shop steward in or around 2012. *Id.* ¶ 15; *see also* Decl. of John Turner ISO Ntc. of Removal, Ex. 7 (Collective Bargaining Agreement, or "CBA") at 5–126, Ex. 8 (Memorandum of Understanding between Boeing and Union, or "MOU") at 128 [Doc. # 1-2].

**A.     Berina Incident**

Garriott's FAC alleges that in approximately 2017, Berina—the Spacecraft Manager of Boeing's O3B Department—asked Garriott to lie about work performed on a government project. *Id.* ¶¶ 6, 16. He refused to do so, and was subsequently demoted. *Id.* He alleges that Berina also "convinced others to deny [him] access to certain work opportunities" in retaliation, preventing him from working many hours of overtime. *Id.* At an unspecified time "[s]hortly thereafter," Garriott took a union leave to work on behalf of the Union as a Business Agent, while remaining a Boeing employee. *Id.* Garriott worked for the Union from 2017–22, after which time he returned to Boeing full-time and assumed his role as senior shop steward. He also became the Focal Steward at Boeing and then Chief Focal Steward, overseeing the Focal Stewards at both Boeing and MSS. *Id.* ¶ 17.

In or around June 2022, Garriott and two other stewards were walking the floor of the "high bay," the area where satellites are assembled, investigating a potential grievance. *Id.* ¶ 18. After witnessing a tense exchange between the stewards and engineers on the floor, Berina approached Garriott, grabbed both his arms, and threatened him to "mind [his] f****** business." *Id.* She also put her hands up to his face to prevent him from talking. *Id.* There were multiple witnesses to this event, and Boeing video cameras on the floor that should have captured the incident, but Garriott alleges that the video evidence was "inadvertently" destroyed shortly after the incident occurred. *Id.* ¶¶ 19, 20.

The Corporate Investigation Team of the Boeing Ethics Department investigated the incident, in the course of which it was revealed that the video footage no longer existed. *Id.* ¶ 20. Berina was never disciplined and the local Human Resources Department ceased any investigation of Berina. *Id.*

In September or October 2022, Garriott's ViaSat badge stopped working and was not reinstated until a "leading scientist at Boeing" made a "personal plea" on his behalf.[2] Garriott alleges other

---

[2] ViaSat is a company that partners with Boeing to work on a "global constellation of communications satellites . . . whose purpose (once launched) will be to provide hi-speed broadband connectivity for residential, commercial, and government use around the world." *See* FAC ¶ 16 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|

| Title | **Craig M Garriott v. The Boeing Company, et al.**<br>**Kathy Moonitz v. The Boeing Company, et al.** | Page | 3 of 7 |
|---|---|---|---|

instances of retaliation relating to the Berina incident, including by other high-ranking officials at Boeing and MSS. *Id.* ¶¶ 24–31, 44–49.

**B.     Mattera Incident**

Separately, in 2022, Garriott became aware that Mattera—the Manager of Propulsion Area for Boeing El Segundo—had used her position to purchase a $10 million propellant system from a company owned by a friend of hers and hired the child of the head of that company to work on her team at Boeing. *Id.* ¶¶ 7, 32. Garriott considered this a *quid pro quo* that might violate various anti-kickback, bribery, and corruption laws, as well as Boeing's own Code of Conduct. *Id.* ¶ 32. He reported the conduct, requesting to remain anonymous. *Id.* ¶ 33.

Despite the request for anonymity, he began to experience other retaliatory behavior by Boeing employees, including an apparent scheme by Mattera to collect complaints against him and other false charges of misconduct. *Id.* ¶¶ 34–38. In addition to targeting Garriott, Mattera also retaliated against Moonitz, which escalated to the point that she nearly lost her job. *Id.* ¶¶ 39–43. The stress of this retaliation has taken a toll on Garriott and Moonitz's marriage and the wellbeing of Garriott's adult children, both of whom work at Boeing. *Id.* ¶¶ 51–52.

## II.
## LEGAL STANDARD

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

The presence of federal question jurisdiction is governed by the "well-pleaded complaint rule," under which federal court jurisdiction exists when a federal question is presented on the face of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|
| Title | **_Craig M Garriott v. The Boeing Company, et al._**<br>**_Kathy Moonitz v. The Boeing Company, et al._** | Page | 4 of 7 |

plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). The presence of a federal issue in a state law claim alone does not compel federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[N]either have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law."). Rather, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314).

The only exception to the well-pleaded complaint rule exists in cases of "complete preemption," when "the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (internal quotation marks omitted). A claim subject to complete preemption under the LMRA "raises a federal question" and "can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, [the LMRA] has such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.") (internal quotations omitted); 29 U.S.C. § 185(a) ("Suits for violation of [collective bargaining agreements] . . . may be brought in any district court of the United States having jurisdiction of the parties"); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23–24 (1983).

**III.
DISCUSSION**

**A.   Basis of Federal Jurisdiction**

Defendants removed this action to federal court on the basis that some of Defendants' employees are covered by a CBA whose terms operate to displace the causes of action alleged in the FAC. In this circuit, if an asserted cause of action involves a right that "exists solely as a result of the CBA," section 301 preempts the claim. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (describing test for determining preemption).

"Section 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1111 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|
| Title | **Craig M Garriott v. The Boeing Company, et al.**<br>**Kathy Moonitz v. The Boeing Company, et al.** | Page | 5 of 7 |

Cal. 2005) (citing *Caterpillar Inc.*, 482 U.S. at 394); *see also Dent v. Nat'l Football League*, 902 F.3d 1109, 1116–17 (9th Cir. 2018).

The Ninth Circuit has established a two-part test for determining whether a cause of action is preempted by Section 301. *Burnside*, 491 F.3d at 1059. A court must first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.*; *see also Bonilla*, 407 F. Supp. 2d at 1111 ("The LMRA does not preempt an employee's independent, freestanding state rights.") "If the right exists solely as a result of the CBA, then the claim is preempted, and analysis ends there." *Burnside*, 492 F.3d at 1059. "If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (internal citations omitted). "If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id.* at 1059–60.

**B.     Substantially Dependent on CBA**

Defendants appear to concede that Plaintiffs' claims do not involve rights solely conferred by the CBA, so the Court will focus its analysis on the second prong of *Burnside*'s test for LMRA preemption: whether any of his claims are "substantially dependent on analysis of the [CBA]." *Burnside*, 492 F.3d at 1059. In particular, Defendants focus on Plaintiffs' Section 1102.5 whistleblower claim, arguing that it requires analysis of the CBA, and that his "allegations revolve around his role as a steward and administering the CBA." *See* Opp. at 9, 8–15.

A state law right is "substantially dependent" on the terms of a CBA if a court must "interpret" rather than merely "look to" the CBA in resolving the claim. *Burnside*, 481 F.3d at 1060 (internal citation omitted). The distinction "is not always clear or amenable to a bright-line test." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001). For a claim to be preempted it must "require[] interpretation of a [CBA]," in an "active dispute over the meaning of contract terms," which is more than just a "*hypothetical* connection between the claim and the terms of the CBA." *Dent*, 902 F.3d at 1117–18 (emphasis in original) (quotation marks and citations omitted).

Moreover, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005). "[A] state law claim will only be preempted if it is so 'inextricably intertwined' with a CBA that resolution of the claim will require judicial interpretation of the CBA's terms." *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citation omitted). The Ninth Circuit has held that, "if the claim is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|

| Title | **Craig M Garriott v. The Boeing Company, et al.**<br>**Kathy Moonitz v. The Boeing Company, et al.** | Page | 6 of 7 |
|---|---|---|---|

plainly based on state law, [section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691 (citing *Caterpillar*, 482 U.S. at 398–99); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) ("reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption.").

Section 1102.5 prohibits an employer from retaliating against an employee who reveals a violation of state or federal law or regulation to a governmental agency. *See Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 1007 (E.D. Cal. 2016); *see also Killgore v. SpecPro Professional Servs., LLC*, 51 F.4th 973, 991 (9th Cir. 2022) (citing *Nejadian v. Cnty. of L.A.*, 253 Cal. App. 3d 404, 408 (2019)). To prove a Section 1102.5 claim, a plaintiff must first establish a *prima facie* case of retaliation, and establish that he: (1) engaged in protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) there is a causal link between the two. *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1108 (S.D. Cal. 2020) (citing *Ross v. Cty. of Riverside*, 36 Cal. App. 5th 580, 591, (2019)).

Garriott's FAC alleges facts relating to the Mattera Incident to plead his Section 1102.5 whistleblower claim, both with respect to himself and Moonitz. *See* FAC ¶¶ 105–117. While this issue may have come to his attention while Garriott was a union steward, it is wholly separate from his union duties. Garriott's role in the union is not what gave him the right to file a complaint under Boeing's Code of Conduct and call for an investigation. Indeed, Defendants' Opposition does not identify a single CBA provision that needs to be interpreted to resolve this claim. *See* Reply at 7–8. This is a conspicuous omission, and certainly does not support a contention that the CBA's terms are "inextricably intertwined" with the state law claims. *Cf. Castillo*, 132 F. Supp. 3d at 1198.

Courts often decline to find LMRA preemption in whistleblower cases. *See Nelson v. Foster Poultry Farms*, 706 F. Supp. 3d 1007, 1018–19 (E.D. Cal. 2023); *see also Brown v. Brotman Medical Ctr. Inc.*, 571 Fed. App'x 572, 575 (9th Cir. 2014). The United States Supreme Court has emphasized that even claims that may require *reference* to the CBA or have overlapping facts to a matter requiring arbitration are not necessarily preempted if the state law factual inquiry did not turn on the meaning of any provision of the CBA. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) ("To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge . . . this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement.") (internal citation omitted); *see also Nelson*, 706 F. Supp. 3d at 1018.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4735-DMG (MARx)**<br>CV 24-4733-DMG (MARx) | Date | November 4, 2024 |
|---|---|---|---|
| Title | ***Craig M Garriott v. The Boeing Company, et al.***<br>***Kathy Moonitz v. The Boeing Company, et al.*** | Page | 7 of 7 |

Under the *Grable* test, there is no federal issue compelling federal jurisdiction here. The federal issue—that is, the construction of federal labor law—is basically non-existent in this case. *See Grable*, 545 U.S. at 314. The generalized language in Defendants' Opposition shows that there is no actual dispute about a federal issue, let alone a substantial one. *Cf. Gunn*, 568 U.S. at 258; Opp. at 15, 16 (arguing conclusorily that Plaintiffs' declaratory relief and defamation claims "cannot be adjudicated without consideration of the CBA" without explaining why, or identifying any CBA provisions whose interpretation is necessarily at issue). Accordingly, the Court concludes that both cases must be remanded.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiffs' MTR is **GRANTED** and both Plaintiffs' cases are **REMANDED** to the Los Angeles County Superior Court. All pretrial and trial dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**